UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:17-cv-62255**

SECURITIES AND EXCHANGE
  COMMISSION,

                Plaintiff,

v.

IBRAHIM ALMAGARBY and
MICROCAP EQUITY GROUP LLC,

                Defendants,

## COMPLAINT

Plaintiff, Securities and Exchange Commission (the "Commission"), alleges as follows:

**I.     INTRODUCTION**

1. This case involves the buying of more than $1.1 million of convertible debt of microcap (*i.e.*, penny stock) issuers and the subsequent selling of more than 7.4 billion shares of the microcap issuers' stock into the market by Ibrahim Almagarby and his wholly owned and controlled business entity, Microcap Equity Group LLC (collectively, "Defendants"), without either registering with the Commission as a dealer or being associated with an entity that was registered with the Commission as a dealer.

2. Between January 2013 and July 2016, Defendants, as part of a regular business, engaged in the buying and selling of securities for Defendants' own accounts. Defendants purchased from debtholders the aged debts of various microcap issuers of securities. Contemporaneously, and as part of their purchase of the aged debt, Defendants obtained agreements with the issuers permitting Defendants to, at their discretion, convert the debt into

shares of the issuers' common stock.  Defendants deposited these shares (once converted from the debt) into their brokerage accounts and sold significant numbers of them into the market.  Finally, Defendants deposited the net proceeds from the stock sales into their bank accounts.

3. Defendants' gained $1,474,901.63 from selling the shares, which represents the difference between their known costs of acquiring the convertible debt securities and their net proceeds obtained from converting the debt into shares and then selling the shares into the market.

4. By virtue of their conduct, Defendants violated Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)].

5. Additionally and alternatively, Ibrahim Almagarby is a controlling person of Microcap Equity Group LLC under Exchange Act Section 20(a) [15 U.S.C. § 78t(a)] and Ibrahim Almagarby is therefore liable for Microcap Equity Group LLC's violations of Section 15(a)(1).

6. Unless enjoined, Defendants are likely to commit such violations in the future.  Among other relief, Defendants should be enjoined from future violations and should be ordered to disgorge, with prejudgment interest, any ill-gotten gains obtained as a result of their violations, and ordered to pay an appropriate civil money penalty.

## II.   DEFENDANTS

7. **Ibrahim Almagarby**, age 27, on information and belief, resides in Tamarac, Florida.

8. **Microcap Equity Group LLC** is a Florida limited liability company formed on January 8, 2013, and is wholly owned and controlled by Ibrahim Almagarby.  On information and belief, Microcap's principal place of business is in Tamarac, Florida.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction under Exchange Act Sections 21(d), 21(e), and 27 [15 U.S.C. § 78u(d), 78u(e), and 78aa]. In connection with the transactions and acts alleged herein, Defendants, directly or indirectly, made use of the means and instruments of transportation and communication in interstate commerce and of the mails.

10. Ibrahim Almagarby, during the relevant period, resided in the Southern District of Florida. Microcap Equity Group LLC is a Florida limited liability company, and certain of the transactions and acts alleged herein took place in the Southern District of Florida. Venue therefore is proper in this district under Exchange Act Section 27 [15 U.S.C. § 78aa].

### IV. FACTUAL BACKGROUND

#### A. Defendants Bought and Sold Large Volumes of Microcap Issuer Securities as Part of their Regular Business.

11. Between January 2013 and July 2016, Defendants bought more than $1.1 million of convertible debt of 39 different microcap issuers and subsequently sold more than 7.4 billion shares of the microcap issuers' stock into the market.

12. Defendants purchased the convertible debt securities through agreements that granted Defendants the right to convert the microcap issuers' debts into shares of the issuers' common stock. Defendants frequently exercised all or some of their conversion rights soon after closing on the purchase of the convertible debts and then began selling the resulting shares into the market using accounts that Defendants maintained at various brokerage firms.

13. Defendants' buying and selling of securities is illustrated by the following example:

    a.    On or about July 1, 2016, Defendants acquired $20,184.10 in aged debt issued by Halitron, Inc. ("Halitron"), a microcap issuer. Defendants negotiated a debt purchase agreement to acquire the aged debt from the debtholders at face value.

    b.    Defendants contemporaneously negotiated an agreement with Halitron whereby Halitron agreed to permit Defendants to immediately convert the debt into shares of Halitron common stock.

    c.    On July 6, 2016, Defendants converted the debt into 25,230,125 shares of Halitron stock and deposited the shares into a brokerage account that Defendants maintained at a third-party brokerage.

    d.    Between July 22, 2016 and August 8, 2016, Defendants sold all 25,230,125 Halitron shares into the market generating net proceeds of $56,177.52 and a net profit of $35,993.42.

14. Between January 2013 and July 2016, Defendants entered into 57 other debt purchase agreements via which they acquired more than $1.1 million in aged debt convertible securities from 38 other microcap issuers. Defendants converted the securities into more than 8.9 billion shares of microcap stock, more than 7.4 billion of which they sold into the market, reaping a gain of $1,474,901.63.

    **B.**    **Defendants Violated the Federal Securities Laws by Acting as Unregistered Dealers.**

15. Any person engaged in the business of buying and selling securities for such person's own account (through a broker or otherwise) must register with the Securities and Exchange Commission.

16.     Between January 2013 and July 2016, Defendants bought and sold securities for their own account as part of a regular business in which they entered into 58 different debt purchase transactions to purchase convertible debt securities of 39 different issuers of microcap stock, exercised their conversion rights to obtain more than 8.9 billion shares of microcap stock, and sold more than 7.4 billion shares of microcap stock into the market, reaping a gain of $1,474,901.63.

17.     Defendants used means or instrumentalities of interstate commerce to buy and sell securities.

18.     Between January 2013 and July 2016, neither Ibrahim Almagarby nor Microcap Equity Group LLC were registered with the Securities Exchange Commission as dealers.

19.     Between January 2013 and July 2016, neither Ibrahim Almagarby nor Microcap Equity Group LLC were associated with individuals or entities that were registered with the Securities Exchange Commission as dealers.

**C.      Defendants Bought and Sold Penny Stocks.**

20.     At least some of the 7.4 billion microcap shares that Defendants sold did not meet any of the exceptions from the definition of a "penny stock," as defined by Exchange Act Section 3(a)(51) [15 U.S.C. § 78c(a)(51)] and Exchange Act Rule 3a51–1 [17 C.F.R. § 240.3a51–1].

21.     Defendants therefore participated in the offering of penny stock by acting as dealers engaged in the buying and selling of penny stocks.

/

/

/

## COUNT I
### Violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]
*(Against both Defendants)*

22.     The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1-21, inclusive, as if they were fully set forth herein.

23.     By engaging in the conduct described above, Defendants made use of the mails or other means or instrumentalities of interstate commerce to effect transactions in, or to induce or to attempt to induce the purchase or sale of securities while not registered with the Commission as a dealer or when they were not associated with an entity registered with the Commission as a dealer.

24.     By reason of the foregoing, each of the Defendants violated Exchange Act Section 15(a)(1) [15 U.S.C. § 78o(a)].

25.     A violation of Section 15(a)(1) does not require proof of scienter.

## COUNT II
### Violation, as a Control Person, of Section 15(a)(1) of the Exchange Act
*(Against Defendant Almagarby)*

26.     The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1-25, inclusive, as if they were fully set forth herein.

27.     During the relevant period, Ibrahim Almagarby was the sole person who owned and controlled Microcap Equity Group LLC.

28.     Under Exchange Act Section 20(a) [15 U.S.C. § 78t(a)], every person who, directly or indirectly, controls any entity liable under any provision of the Exchange Act or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled entity to any person to whom such controlled person is liable (including

6

the Commission), unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

29. Ibrahim Almagarby did not act in good faith, and he directly induced the act or acts constituting Microcap Equity Group LLC's violations of the Exchange Act.

30. By reason of the foregoing, Ibrahim Almagarby violated Exchange Act Section 15(a)(1) through his control of Microcap Equity Group LLC.

## RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

### I.

### Permanent Injunction

Permanently restraining and enjoining Ibrahim Almagarby and Microcap Equity Group LLC and their agents, servants, employees, attorneys, and all persons in active concert or participation with Ibrahim Almagarby and Microcap Equity Group LLC who receive notice of the injunction by personal service or otherwise, from acting as an unregistered dealer in violation of Exchange Act Section 15(a)(1) [15 U.S.C. § 78o(a)(1)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a dealer or while not associated with an entity registered with the Commission as a dealer;

### II.

### Penny Stock Bar

Permanently restraining and enjoining Ibrahim Almagarby and Microcap Equity Group LLC from participating in the offering of any penny stock, including engaging in activities with a

broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, under Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)];

### III.

### Civil Penalties

Ordering Ibrahim Almagarby and Microcap Equity Group LLC, jointly and severally, to pay an appropriate civil penalty under Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)];

### IV.

### Disgorgement

Ordering Ibrahim Almagarby and Microcap Equity Group LLC, jointly and severally, to disgorge, with prejudgment interest, all ill-gotten gains derived from the activities set forth in this Complaint;

### V.

### Cancellation and Surrender

Ordering Defendant Microcap Equity Group LLC to surrender for cancellation its remaining shares of stock of, and surrender its remaining conversion rights under the convertible securities issued by the following issuers: Aluf Holdings, Inc., Axxess Pharma, Inc., Bulova Technologies Group, Inc., CD International Enterprises, Inc., CUBA Beverage Company, Daniels Corporate Advisory Company, Inc., Dewmar International BMC, Inc., East Coast Diversified Corp., Elray Resources, Inc., Energy Revenue America, Inc., Eyes on the Go, Inc., Gold & Silver Mining of Nevada, Inc., Gold and GemStone Mining Inc., Green Energy Enterprises, Inc., Greenfield Farms Food, Inc., Grid Petroleum Corp./ Simlatus Corporation, Halberd Corporation, Halitron, Inc., Healthnostics, Inc., Healthy & Tasty Brands Corporation

(a/k/a GRILLiT, Inc.), Hybrid Coating Technologies, Inc., In Ovations Holdings, Inc., Indo Global Exchange(s) Pte, Ltd., InoLife Technologies, Inc., InternetArray, Inc., Las Vegas Railway Express, Inc., LIG Assets, Inc., Medical Care Technologies Inc., Mining Global, Inc., MyECheck, Inc., Next Galaxy Corp., North American Cannabis Holdings, Inc., PM&E, Inc., PotNetwork Holdings Inc., PPJ Healthcare Enterprises, Inc., Quasar Aerospace Industries, Inc., Sanomedics, Inc., Seven Arts Entertainment, Inc., and Urban Ag Corp.

## VI.

### Retention of Jurisdiction

Retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and,

## VII.

### Further Relief

Granting such other and further relief as this Court may deem just, equitable, or necessary in connection with the enforcement of the federal securities laws and for the protection of investors.

/

/

/

/

/

/

DATED November 17, 2017                    Respectfully submitted,

By: _____

Amy J. Oliver
Trial Counsel
Florida Special Bar No. A5502307
Direct Dial: (801) 524-6748
E-mail: olivera@sec.gov
**Lead Attorney**
**Attorney To Be Noticed**

Daniel J. Wadley
Trial Counsel
Florida Special Bar No. A5502306
Direct Dial: (801) 524-3422
wadleyd@sec.gov
**Lead Attorney**
**Attorney To Be Noticed**

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558