# EXHIBIT E

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

ADMINISTRATIVE PROCEEDINGS RULINGS
Release No. 4409/December 2, 2016

ADMINISTRATIVE PROCEEDING
File No. 3-16649

| | |
|---|---|
| In the Matter of<br><br>IRONRIDGE GLOBAL PARTNERS, LLC,<br>IRONRIDGE GLOBAL IV, LTD. | ORDER GRANTING IN PART MOTIONS IN LIMINE REGARDING THE EXPERT REPORTS OF ROBERT LOWRY AND JAMES BURNS |

The Securities and Exchange Commission issued an order instituting proceedings (OIP) in this matter on June 23, 2015. A hearing is currently scheduled for February 21, 2017, in Washington, D.C.

The Division of Enforcement has moved to strike legal opinions from the report of James Burns (Burns Report), Respondents' expert, and to preclude such opinions from further testimony (Burns Motion). Respondents filed an opposition (Burns Opp'n). Respondents moved to exclude the report of Robert Lowry (Lowry Report), the Division's expert, as well as his testimony (Lowry Motion). The Division filed an opposition (Lowry Opp'n).

Except for one detail, Burns' expert report is in substance a legal opinion. Although he provides insight into industry practice and the understanding of securities market participants, I do not expect such insights to be helpful in resolving the disputed issues in this proceeding. *See* Burns Opp'n at 10-11. The exception is a "Deals Analysis" (Burns Report, Ex. A) provided by Brendan O'Neil, who is listed as a prospective witness. I will allow examination of O'Neil on the topic of his analysis, as well as any other appropriate topics. However, I do not intend to otherwise rely on Burns' expert report or testimony; Respondents will not be permitted to call him as a witness; and the Division will not be permitted to cross-examine him.

The Burns Motion is therefore GRANTED IN PART, in that Burns will not be permitted to testify at the hearing. This will not unduly prejudice Respondents, because all of Burns' legal points may be argued by Respondents' counsel in post-hearing briefing. The Burns Motion is otherwise denied. There is no need to strike hearing evidence that is already in the case record and that I intend to disregard anyway.

As for Lowry, Respondents argue that his expert report "is at least as much a legal one as" Burns'. Lowry Mot. at 1. The Division, by contrast, argues that Lowry's report "contains no legal opinions on the ultimate issues." Lowry Opp'n at 2. Neither side is wholly correct.

Lowry opines that Respondents sold "large volumes of shares . . . on a regular basis as part of a business," and describes at length "some of the well-known guidance regarding dealers." Lowry Report at 5, 27-29. A substantial portion of his report discusses how "Respondents' activities were consistent with those of a dealer" in light of the legal guidance he summarizes. Lowry Report at 29-36. Another substantial portion of his report discusses the regulation of dealers, principally by FINRA, and how Respondents' activities were inconsistent with FINRA rules. *See* Lowry Report at 36-40.

Much of this is unhelpful legal opinion. It is difficult to parse the helpful from the unhelpful, however, because many of Lowry's subsidiary points are mixed in with his ultimate conclusions. For instance, according to Lowry's analysis, Respondents charged a total of approximately $1.6 million in brokerage fees to issuers by accepting share price discounts; this is helpful factual analysis. *See* Lowry Report at 33. Citing this, he concludes that "Respondents were acting consistently with a dealer by passing their brokerage fees onto the issuer"; this is unhelpful legal analysis. *Id.*

Given this intertwining, it is difficult to identify with precision exactly what portions of Lowry's report should be disregarded. Roughly speaking, there are four categories of Lowry's opinion on which I definitely do not intend to rely: (1) statements that "Respondents were acting consistently with a dealer," or words to that effect; (2) recitations of the law; (3) the final section, pertaining to regulation of dealers; and (4) as with Burns, evidence of industry practice and the understanding of securities market participants. That said, as to the third category, I do not now hold that FINRA regulations are irrelevant or inadmissible – that will be the subject of a forthcoming ruling on one of Respondents' other motions in limine – but only that Lowry's opinion about FINRA regulations and their applicability is unhelpful and will be disregarded.

Other portions of Lowry's report are helpful. As the Division correctly notes, much of his report is devoted to financial analysis and summary exhibits. *See* Lowry Opp'n at 4; Lowry Report at 8-20 & Exs. 1-16. Although such evidence may more clearly qualify as summary evidence than expert evidence, it is helpful and plainly admissible. The parties should therefore expect to examine Lowry on his financial analysis and summary exhibits. As to the remainder of Lowry's opinion, I will consider the admissibility of his expert evidence on a question-by-question basis.

The Lowry Motion is therefore GRANTED IN PART, in that the four categories of Lowry's opinion described above will be disregarded, and examination on those subjects will not be permitted. The Lowry Motion is otherwise denied.

SO ORDERED.

                                                                          _____

                                                                          Cameron Elliot
                                                                          Administrative Law Judge