# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,                          Case No. 17-62255-Civ-COOKE/HUNT

        v.

IBRAHIM ALMAGARBY and
MICROCAP EQUITY GROUP, LLC,

      Defendants.

_____/

## DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF JOSEPH DARRAGH AND INCORPORATED MEMORANDUM OF LAW

Defendants Ibrahim Almagarby ("Mr. Almagarby") and Microcap Equity Group, LLC ("MEG") (collectively, "Defendants"), by and through counsel, hereby move the Court to strike the Declaration of Joseph Darragh ("Darragh") (DE 126-2) and all references thereto.  The grounds in support thereof follow:

### Background

Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") moved the Court to award disgorgement, prejudgment interest and civil penalties against Defendants on October 15, 2020.  (DE 120.)  Defendants filed their response in opposition on November 6, 2020, and have argued, in part, that Plaintiff has failed to identify any victims or show that they have incurred any losses as a result of their purchasing shares of stock from Defendants.  (DE 125.)  Defendants stated that it was virtually impossible to identify victims.  *Id.* at 11.  However, it was impossible to identify victims because there was no evidence in the record from which anyone could identify victims.

In an effort to correct this defect, Plaintiff's Reply asserted that based on the Declaration of Joseph Darragh it was possible to identify victims — the counterparties who bought shares from Defendants.  (DE 126-2 at 2.)  As with Robert Lowry, whose Report Defendants have moved to strike, Plaintiff never identified Darragh as a witness in its initial disclosures under Federal Rule

of Civil Procedure ("Rule(s)") 26(a)(1), as an expert under Rule 26(a)(2), or in the Joint Witness List. (DE 108.) Moreover, Darragh has not provided any Report under Rule 26(a)(2), even though he claimed that he could readily ascertain the identities of the counterparties. Discovery has long been closed, and the Court should not permit Plaintiff's introduction of a new witness at this late stage. Because Plaintiff failed to identify Darragh as an expert witness for its case in chief or the subjects for which he would provide such an expert opinion, the Court must strike Darragh's Declaration and all references thereto in accordance with Rules 37(c)(1) and 26(a)(2).

## **Memorandum of Law**

### A. **Legal Standard**

Rule 26(a)(2), provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" and that "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained and specially employed to provide expert testimony in the case . . . ." Rule 26(a)(2)(D) provides that "[a] party must make these disclosures at the times and in the sequence that the court orders."

Rule 37(c)(1), provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." "Substantial justification is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *S.O.S. Resource Services, Inc. v. Bowers*, No. 14-Civ-22789-COOKE/TORRES, 2015 WL 6735540, at *2 (S.D. Fla. Nov. 4, 2015) (Cooke, J.) (citation omitted). "A failure to make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure." *Id.* The party failing to comply with Rule 26(a) bears the burden of establishing that its nondisclosure was either substantially justified or harmless." *Id.*

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (citations omitted); *Collado v. Carnival Corp.*, No. 10-21568-Civ, 2011 WL 3268042, at *1 (S.D. Fla. July 29, 2011) (Cooke, J.) (Rule 26 "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other

witnesses") (citation omitted).   The exclusion of an expert "is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party." *Id.* (citations omitted).  However, it is justified in this case.

### B.  The Court Should Strike the Darragh's Declaration

Here, Defendants have never had the opportunity to examine Darragh at all because he was never identified as a witness.  Darragh has claimed he and his unidentified colleagues rely upon the SEC's broad powers to access trading data and financial information for OTC transactions.  If, as Darragh has indicated, the counterparties could be readily identified, then it could also be determined how long the counterparties held the stock they bought and the prices at which they sold, which would provide the net losses to the investors.  If Plaintiff had disclosed Darragh during discovery, Defendants could have requested information from Plaintiff, or from third parties through subpoena, to ascertain this information.

Damages to the counterparty-victims if any, would be the amount of disgorgement because any amount in excess of that number would be an assessment for punitive purposes and not compensatory.  *Liu v. SEC*, 140 S. Ct. 1641 (2020) (citing *Kokesh v. SEC*, 137 S. Ct. 1635, 1643-44 (2017)).  Because "equity never lends its aid to enforce a forfeiture or penalty," Defendants have the right to confront Plaintiff regarding the losses by these counterparties, if any.  However, at this late stage, the Court cannot simply reopen discovery to cure Plaintiff's violation of Rules 26(a)(1) and (2).

WHEREFORE, Defendants Ibrahim Almagarby and Microcap Equity Group, LLC, respectfully request that the Court strike the Declaration of Joseph Darragh (DE 126-2), and all references thereto, and enter such further relief as is fair and just.

### Certificate of Compliance

I hereby certify that counsel for Defendants left a voicemail message with, and sent a copy of this Motion to, counsel for Plaintiff on November 20, 2020.

Dated:  November 20, 2020                    Respectfully submitted,

*/s/ Joshua A. Katz*
James D. Sallah
Jeffrey L. Cox
Joshua F. Bautz
Joshua A. Katz

Sallah, Astarita & Cox, LLC
3010 N. Military Trail, Suite 210
Boca Raton, FL 33431
Tel: 561-989-9080
Fax: 561-989-9020

Mark David Hunter
Jenny D. Johnson-Sardella
Robert C. Harris
Sharifa G. Hunter
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, FL 33134

*Counsel for Defendants*

## Certificate of Service

I hereby certify that the foregoing has been served on counsel for all parties via CM/ECF on this the 20th day of November 2020.

/s/Joshua A. Katz