**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 28, 2021

Joshua Francis Bautz
Sallah Astarita & Cox, LLC
3010 N MILITARY TRL STE 210
BOCA RATON, FL 33431

Jeffrey L. Cox
Sallah Astarita & Cox, LLC
3010 N MILITARY TRL STE 210
BOCA RATON, FL 33431

Robert Charles Harris
Baritz & Colman, LLP
1075 BROKEN SOUND PKWY NW STE 102
BOCA RATON, FL 33487

Mark David Hunter
Hunter Taubman Fischer & Li, LLC
2 ALHAMBRA PLZ STE 650
CORAL GABLES, FL 33134

Sharifa Hunter
Hunter Taubman Fischer & Li, LLC
2 ALHAMBRA PLZ STE 650
CORAL GABLES, FL 33134

Jenny Daphne Johnson-Sardella
Hunter Taubman Fischer & Li, LLC
2 ALHAMBRA PLZ STE 650
CORAL GABLES, FL 33134

Joshua A. Katz
Sallah Astarita & Cox, LLC
3010 N MILITARY TRL STE 210
BOCA RATON, FL 33431

James D. Sallah

Sallah Astarita & Cox, LLC
3010 N MILITARY TRL STE 210
BOCA RATON, FL 33431

Appeal Number: 21-13755-BB
Case Style: Securities and Exchange Commission v. Ibrahim Almagarby, et al
District Court Docket No: 0:17-cv-62255-MGC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.**

The referenced case has been docketed in this court. Please use the appellate docket number noted above when making inquiries.

Eleventh Circuit Rule 31-1 requires that APPELLANT'S BRIEF BE SERVED AND FILED ON OR BEFORE DECEMBER 7, 2021. APPELLANT'S APPENDIX MUST BE SERVED AND FILED NO LATER THAN 7 DAYS AFTER FILING OF THE APPELLANT'S BRIEF. INCARCERATED PRO SE PARTIES ARE NOT REQUIRED TO FILE AN APPENDIX.

This is the only notice you will receive concerning the due date for filing briefs and appendices. See Fed.R.App.P. 28, 30, 31, 32, the corresponding circuit rules, General Order 39 and the Guide to Electronic Filing for further information. Pro se parties who are incarcerated are not required to file an appendix. (In cross-appeals pursuant to Fed.R.App.P. 28.1(b), the party who first files a notice of appeal is the appellant unless the parties otherwise agree.)

Every motion, petition, brief, answer, response and reply filed must contain a Certificate of Interested Persons and Corporate Disclosure Statement (CIP). Appellants/Petitioners must file a CIP within 14 days after the date the case or appeal is docketed in this court; Appellees/Respondents/Intervenors/Other Parties must file a CIP within 28 days after the case or appeal is docketed in this court, regardless of whether appellants/petitioners have filed a CIP. See FRAP 26.1 and 11th Cir. R. 26.1-1.

On the same day a party or amicus curiae first files its paper or e-filed CIP, that filer must also complete the court's web-based CIP at the Web-Based CIP link on the court's website. Pro se filers (except attorneys appearing in particular cases as pro se parties) are **not required or authorized** to complete the web-based CIP.

Attorneys who wish to participate in this appeal must be admitted to the bar of this Court, admitted for this particular proceeding pursuant to 11th Cir. R. 46-3, or admitted pro hac vice pursuant to 11th Cir. R. 46-4. In addition, all attorneys (except court-appointed counsel) who wish to participate in this appeal must file an Appearance of Counsel form within 14 days. The Application for Admission to the Bar and Appearance of Counsel Form are available at

www.ca11.uscourts.gov. The clerk generally may not process filings from an attorney until that attorney files an appearance form. See 11th Cir. R. 46-6(b).

11th Cir. R. 33-1(a) requires appellant to file a Civil Appeal Statement in most civil appeals. You must file a completed Civil Appeal Statement, with service on all other parties, within 14 days from the date of this letter. Civil Appeal Statement forms are available on the Internet at www.ca11.uscourts.gov, and as provided by 11th Cir. R. 33-1(a).

MEDIATION. If a Civil Appeal Statement is required to be filed, your appeal and all related matters will be considered for mediation by the Kinnard Mediation Center. The mediation services are free and the mediation process is confidential. You may confidentially request mediation by calling the Kinnard Mediation Center at 404-335-6260 (Atlanta) or 305-714-1900 (Miami). See 11th Cir. R. 33-1.

Attorneys must file briefs electronically using the ECF system. Use of ECF does not modify the requirements of the circuit rules that counsel must also provide four (4) paper copies of a brief to the court, nor does it modify the requirements of the circuit rules for the filing of appendices in a particular case.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Tonya L. Richardson, BB/tjs
Phone #: (404) 335-6174

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 17-62255-CIV-COOKE/HUNT

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff*,

v.

IBRAHIM ALMAGARBY and
MICROCAP EQUITY GROUP, LLC,

    *Defendants*.

**NOTICE OF APPEAL**

Notice is hereby given that Defendants, IBRAHIM ALMAGARBY and MICROCAP EQUITY GROUP, LLC, appeal to the United States Court of Appeals for the Eleventh Circuit from this Court's September 29, 2021 ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [D.E.144], *attached as Exhibit A*.[1]

---

[1] The Securities and Exchange Commission (the "SEC"), on October 14th, filed its Motion for Amendment of Order Adopting Magistrate Judge's Report and Recommendation and Final Judgment as to Defendants and Memorandum in Support [D.E.145], pursuant to Fed. R. Civ. P. 59(e), *attached as Exhibit B*, while also seeming to posit in communication that the September 29th Order is a final order. Accordingly, and given the approaching jurisdictional deadline for appeal, the Defendants file this Notice of Appeal in an abundance of caution, to be held in abeyance pending the Court's entry of an order disposing of the SEC's Rule 59(e) motion, and eventual entry of a final judgment. *See* Fed. R. App. P. 4(a)(2) providing for premature appeals to be held in abeyance).

1